**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRA NIETO BASTIDA, | No.    20-70528 |
| Petitioner, | Agency No. A208-929-170 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2024**
San Francisco, California

Before:  GOULD, SUNG, and DE ALBA, Circuit Judges.

Alejandra Nieto Bastida petitions for review of the Board of Immigration

Appeals' ("BIA") dismissal of her appeal of an immigration judge's ("IJ") denial

---

  *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of her motion to reopen her *in absentia* removal order.[1]  We have jurisdiction under 8 U.S.C. § 1252.  We review the BIA's dismissal of an appeal of an IJ's denial of a motion to reopen for abuse of discretion.  *See Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021).  We deny the petition for review.

1.      Nieto Bastida sought to enter the United States on or about April 26, 2016.  Nieto Bastida was detained and served with a Notice to Appear, charging her with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(1) for lacking proper entry documents.  Nieto Bastida failed to appear at her hearing in front of the IJ on May 14, 2019, and the IJ ordered her removed *in absentia*.  Nieto Bastida filed a timely motion to reopen when she learned of her error, contending that her failure to appear was because of an exceptional circumstance.  She asserted that she confused the date of the hearing and believed the hearing was on May 31, 2019.  The IJ found that Nieto Bastida's failure to appear for the hearing due to her confusion about the hearing date was not an exceptional circumstance and thus did not provide a basis to grant the motion to reopen.  The BIA affirmed the IJ's decision.

2.      An *in absentia* removal order can be rescinded if a petitioner files a

---

[1] Nieto Bastida's Opening Brief states that Nieto Bastida is a native and citizen of El Salvador, but documents in the record, including her Application for Asylum and Withholding of Removal, state that Nieto Bastida is a native and citizen of Mexico.

motion to reopen within 180 days and demonstrates that her "failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." *Id.* § 1229a(e)(1). The statutory examples are explicitly not exhaustive. *See id.*; *Hernandez-Galand*, 996 F.3d at 1034. In determining whether a petitioner has established exceptional circumstances, the BIA must look to "the totality of the circumstances" to determine whether the petitioner did all she could and was without fault for not appearing at a hearing. *Hernandez-Galand*, 996 F.3d at 1034 (citations omitted). "Other relevant considerations, in addition to the severity of the impediment to appearance, include whether the petitioner had a motive for failing to appear (such as avoiding a removal order on the merits) and whether the in absentia removal order would cause unconscionable results." *Id.* at 1034–35 (citations omitted).

3. Nieto Bastida's confusion about the date of the hearing is not an exceptional circumstance under this standard. Nieto Bastida was personally served with a notice for her hearing on May 14, 2019 when she attended a preliminary hearing on May 31, 2017. An additional hearing notice was sent by mail to Nieto

3

Bastida's address of record on March 28, 2019. Nieto Bastida has failed to demonstrate that her failure to appear was due to circumstances beyond her control.

**PETITION DENIED.**